No. 382

ESTATE OF JONES, In Re

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided May 25, 1925

635. INHERITANCE TAX—In determining the value of stock for inheritance taxes in a closed corporation where no stock has been sold, same is to be determined not by its book value, but in the light if all existing circumstances.

Judges Houck, Patterson & Shields of the 5th Dist., sitting.

HOUCK, P. J.

On Dec. 14, 1921, Arthur Jones died intestate, having a widow and two children surviving; subsequently Thomas Jones was appointed administrator and filed his petition in the Cuyahoga Probate Court in compliance with Sec.

5341 GC. asking that the inheritance taxes due the State be determined. The auditor filed his report in the Probate Court fixing certain shares of stock at $386.25 per share. Thereupon under Sec. 5345 the court determined the amount due. Thereafter the administrator filed, under Sec. 5346 GC., a protest as to the value fixed by the auditor and after hearing the court fixed the amount at $224.89 per share.

An appeal was taken by the State Tax Commission to the Cuyahoga Common Pleas where that court followed the auditor's appraisal. Error was prosecuted here by the administrator to reverse the Common Pleas.

The Court of Appeals held:

1. The W. M. Pattison Company is a closed corporation and during the whole time the decedent owned the stock none was sold and therefore an easy way to determine its market value at the time of decedent's demise is closed.

2. The Tax Commission urges that the book value of the stock should be taken as the actual market value. With this we do not agree as this would open the door to fraud and result in high or low valuations in many instances.

3. Many things should be taken into consideration in determining the value of the stock, i. e., the value and sale of stocks of a similar kind; the activities of the corporations during the different periods of its existence, its earning at the time of the demise of Jones; the actual financial condition of the corporation, etc.

4. Therefore the judgment of the Common Pleas is reversed and the Probate Court is affirmed.

Judgment reversed.

(Patterson & Shields, JJ., concur.)

Attorneys—Herrick, Hopkins, Stockwell & Benesch for Jones; Ed. C. Stanton, Pros. Atty., for Commission; all of Cleveland.

---

# NO MATTER WHAT OTHER CORPORATION CODE

## You Have or Have Ordered

# YOU NEED THE LANING SIMPLIFIED

## To Help You Use and Understand It.